JAMES T. MURRAY *et al.*, Copartners, *vs.* DENZIL C. AYER.

A. copartnership composed of M. and others expired by limitation, and a new copartnership, of which M. was a member, purchased its assets and was empowered to settle its affairs. To the new firm passed, unindorsed, a note payable to the old firm. Afterwards M., in the name of the old firm, indorsed the note to the new firm, which brought suit on it as indorsees. The new firm included all the copartners of the old save one, who had died.

*Held*, that the indorsement was effectual, although the words "without recourse" were omitted.

EXCEPTIONS to the Court of Common Pleas.

*January* 4, 1890. PER CURIAM. This is *assumpsit* against the defendant as maker of a promissory note for $400, dated September 30, A. D. 1882, payable to the order of Parsons, Murray & Co., ninety days after date. The firm of Parsons, Murray & Co. consisted of Henry L. Parsons, James T. Murray, and Albert S. Allen, general partners, and Roscoe S. Washburn, special partner. It expired by its own limitation December 31, A. D. 1883. A new firm was then formed, under the name of Murray & Allen, consisting of said Murray and Allen as general partners, and said Washburn as special partner. It was formed for a year, but continued in existence by renewal from year to year until A. D. 1888, when this suit was brought. It bought the assets of the old firm, including the note in suit, and was authorized by the old firm to settle

its affairs.   The note passed to the new firm unindorsed, and re-
mained unindorsed until shortly before this suit was begun, when
it was indorsed in the name of the old firm by said Murray.   Par-
sons had previously died.   This action was brought in the Court
of Common Pleas by Murray & Allen, the plaintiffs, as indorsees.
Jury trial was waived, and the case tried to the court.   On trial,
the foregoing facts having appeared in evidence, the defendant
asked the court to rule that the plaintiffs could not maintain their
action, on the ground that the indorsement was unauthorized, said
Murray having no authority to indorse the note in the name of
the old firm after its dissolution.   The court refused, and gave
judgment for the plaintiffs.   The defendant excepted.   The ques-
tion is, did the court err.

   The general rule is, that one partner has no authority as such
to bind his copartners to any new liability after dissolution, his
agency as such being incident to the partnership and ceasing
with it.   The partners, however, can, if they choose, continue or
renew the agency, and may be bound, if they do.   So they may
ratify an act done by one partner for the partnership in its name,
and give it effect, as if previously authorized.   In *Yale* v. *Eames*, 1
Metc. 486, it was held that authority given to one partner by the
others, after dissolution, to sell a negotiable note made payable to
the firm before dissolution, carried with it by implication author-
ity to indorse it " without recourse " in the firm name.   In *Waite*
v. *Foster*, 33 Me. 424, a firm of two partners dissolving, one sold
to the other his interest in a negotiable note, and it was held that
the latter had by implication the right to indorse it " without
recourse " in the firm name, and dispose of it.   2 Bates on Part-
nership, §§ 690, 698.   In the case at bar the words " without re-
course " were not prefixed, but the note was indorsed by one of
several surviving partners, and the others, by bringing suit on it
under the indorsement as indorsees, necessarily adopted or ratified
it.   It seems to us that the indorsement must be held to be effec-
tual.                                          *Exception overruled.*

   *William W. Douglas & Samuel T. Douglas*, for plaintiffs.
   *Daniel L. D. Granger*, for defendant,